IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LAWRANCE D. MAHOMES                                                                            PLAINTIFF
ADC #152147

V.                                        NO: 4:15CV00546 JLH/PSH

NATHAN WATKINS *et al*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Lawrance D. Mahomes, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on August 31, 2015. Pursuant to a Court order, plaintiff filed an amended complaint on October 20, 2015.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

1

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to plaintiff's amended complaint, defendant Nathan Watkins assaulted him on December 10, 2010, and injured his shoulder. Plaintiff also asserts that "on or about the same period" defendants Rusty Quinn and Norbert Gunderman filed false charges against him, and the City of Morrilton, also a defendant, failed to stop the unlawful acts or change its policy. Because plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

Plaintiff's claims against Watkins should be dismissed because they relate to an event which occurred almost five years ago, and are untimely. The statute of limitations for § 1983 actions in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir. 1991). Although

the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as frivolous when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

According to plaintiff, his claims against Quinn and Gunderman occurred during the same time period as the alleged assault. Therefore, plaintiff's claims against Quinn and Gunderman are untimely as well. Moreover, there is no allegation the charges Quinn and Gunderman filed have been dismissed or reversed. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*).

Finally, plaintiff's claims that the city of Morrilton failed to stop the actions of the other defendants are also barred by the statute of limitations. Additionally, although plaintiff broadly asserts the city failed to change its policy, he has identified no policy which caused a violation of his rights. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004) (in order to establish municipal liability, plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom, directly caused a constitutional injury). Accordingly, plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. Plaintiff's motion for appointment of counsel (docket entry 8) be DENIED AS MOOT.

DATED this 2nd day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE